# EXHIBIT G

# RHODE ISLAND DEPARTMENT OF CORRECTIONS
## POLICY AND PROCEDURE

| | | | |
|---|---|---|---|
| | **POLICY NUMBER:** 15.01-6 DOC | **EFFECTIVE DATE:** 11/24/14 | **PAGE 1 OF 18** |
| | **SUPERSEDES:** 15.01-5 DOC | **DIRECTOR:** Ashbel T. Wall II | Please use BLUE ink. |

| **SECTION:** CLASSIFICATION | **SUBJECT:** CLASSIFICATION PROCESS |
|---|---|

**AUTHORITY:** Rhode Island General Laws (RIGL) § 42-56-10 (22), Powers of the director; § 42-56-20 (Care and employment of short term inmates); § 42.56-20.2(h); § 42-56-21 (Labor of prisoners committed for criminal offense, qui tam, penal action, or failure to give recognizance); § 42-56-29 (Receiving and orientation unit-Study of incoming prisoners); § 42-56-30 (Classification Board); § 42-56-31 (Determination of Classification and rehabilitation programs of prisoners; § 42-56-32 (Classification Unit); § 19-19-2 (Selection Method and amount or term of punishment); § 31-27-2.2 (Driving under the influence of liquor or drugs, resulting in death)

**REFERENCES:** Rhode Island General Laws (RIGL) § 42-56-31 (Classification); § 42-56-18 (Inmate furloughs); §42-56-21 (Work release); § 42-56-24 (Good behavior); § 42-56-26 (Meritorious service); ACA standards 4-4288 (new inmates); 4-4295, 4-4296; 4-4297, 4-4298, 4-4299 (class plan); 4-4300, 4-4301 (class review status); 4-4305 (special needs inmates); Americans with Disabilities Act of 1990; Confidentiality of Health Care Communication and Information Act, 5-37.3; RIDOC policies 9.34-4 DOC, Confidential Security Risk Group (SRG) Inmates; 12.01-1 DOC, Protective Custody; State v. Dowell, 623 A.2d 37 (R.I. 1993); State v. Bishop, 667 A.2d 275 (R.I. 1995); DiCiantis v. A.T. Wall, 795 A.2d 1121 (R.I. 2002); State v. Graff, 17 A.3d 1005; PREA Final Standards 115.41 Screening for risk of victimization and abusiveness; 115.42 Use of screening information

| **INMATE / PUBLIC ACCESS?** | X YES |
|---|---|
| **AVAILABLE IN SPANISH?** | X NO |

I.   **PURPOSE:**

   A.   To provide a classification process that properly classifies inmates in accordance with statutory requirements; and

15.01-6 DOC                             11/24/14
**Classification Process**            Page 2 of 18

---

B.    To specify the procedures to be followed by Rhode Island Department of Corrections (RIDOC) staff to properly classify inmates to a status that best meets the safety and security requirements of RIDOC and the treatment needs of the inmate.

II.    **POLICY**:

Classification is a process intended to promote staff, inmate and public safety. Each inmate under the statutory authority of the Director of Corrections shall be classified to the most appropriate assignment for security and treatment needs to promote the effective population management and preparation for release from confinement and subsequent supervision.

III.    **PROCEDURES**:

A.    Definitions:

    1.    Administrative Confinement: Category of inmates who because of their pattern of conduct require, on a temporary basis, close restriction of movement and closer supervision.

    2.    Classification: The ongoing process of collecting and evaluating information about each inmate to determine the inmate's risk and needs level for appropriate confinement location, treatment, programs and employment assignment whether in a facility or community based program.

    3.    Close Restrictive/"C" Status: Category of inmates whose conduct indicates a chronic inability to adjust to the general prison population, who require maximum protection for themselves or others, or who constitute a threat to the security of the institution.

    4.    Community Custody Program: Community Custody programs that include Work Release and Community Confinement for those inmates who are in a minimum custody level.

    5.    Disciplinary Confinement: a form of temporary separation from the general population for those inmates who are found guilty of serious disciplinary infractions; place of confinement to be designated by the Warden/designee; duration is commensurate with the seriousness of the offense, consistent

with RIDOC's Discipline Severity Scale; includes a loss of privileges and loss of good time.

6.    Discussion Hearing:  A hearing conducted by the Associate Director of Classification/designee in order to review the Director's decision relating to custody recommendation.

7.    Newly Sentenced Inmate:  A newly sentenced inmate/parole violator and/or Interstate Compact inmate who enters RIDOC under a new period of commitment.

8.    Override:  A documented condition of fact warranting an increase or decrease in the overall custody level of an inmate indicated by the scoring instrument or from the Classification Board's recommendation.  Overrides can be either mandatory (i.e., those governed by statute or Director's mandate) or discretionary (i.e., done for a reason other than mandated by law or the Director.)

9.    Protective Custody:  A form of separation from the general population for inmates requiring additional protection from other inmates for reasons of safety.

10.   Reclassification:  The process of periodically re-evaluating the inmate to determine the inmate's changing risk and needs level for appropriate confinement location, treatment, programs and employment assignment whether in a facility or community based program.

11.   Work Release Eligibility Date (WRED):  Date used to determine when an inmate may be eligible for consideration to be placed in Community Custody.  The WRED determination is based upon sentence received and amount of time served in minimum custody.

B.    Classification Management and Responsibilities:

1.    Associate Director of Classification:  shall be responsible for RIDOC's classification system.  S/he shall develop a classification manual containing detailed information concerning offender classification procedures which shall be reviewed annually and updated as necessary.  Responsibilities of the Classification Unit shall include scheduling of all classification boards.

2.  Intake Service Coordinator:  shall be responsible for administering the initial classification procedures under this policy and shall serve as Chair of a Classification Board as needed.

3.  Coordinator of Counseling Services:  shall be responsible for the supervision of Adult Counselors to ensure policy compliance and coordination of the Adult Counselors' preparation and participation in the classification boards.

4.  Program Services Officer:  shall be responsible to serve as Chair of Classification Boards as needed.  Responsibilities include coordinating review of all studies made of each sentenced inmate and coordinating recommendations pertaining to classification custody level.

5.  Adult Counselor:  shall be responsible for reviewing the inmate's record and any additional information necessary to complete initial classification and reclassification of inmates.  Responsibilities also include reviewing information relating to Classification and/or Reclassification Boards.  Adult Counselors present classification findings to Classification and Reclassification Board members.  Adult Counselor shall be responsible to serve as Chair of Classification Boards as needed.

This policy shall not preclude the Director, Assistant Director of Institutions & Operations (ADIO) and/or the Associate Director of Classification from intervening in any classification decision at any time.

C.  Classification Board Process and Responsibilities

1.  Membership:  In order to regulate a system of classification of persons committed to the custody of RIDOC, there shall be Classification Boards (Boards) appointed by the Director.  The Board shall be comprised of a Chairperson and RIDOC staff.  Each member of the Board shall have one (1) equal vote.  The Director also has the authority to establish additional Boards to facilitate the classification system when deemed necessary.

2.  Duties:  The Board reviews all studies made of each sentenced inmate during the period of point of commitment and from time to time thereafter as shall be necessary.  The Board also recommends to the Director/designee a classification custody level as well as a rehabilitation/treatment plan.  If the Director/designee disapproves the Board's recommendation, s/he requests the Board hold a Discussion Hearing for further study and review.  A Discussion Hearing is conducted by the Classification Board in order to

review the Director's decision relating to custody recommendation. The Director/designee reviews the recommendations from the Discussion Hearing and renders a final decision that is then implemented.

D.   Classification Levels

   1.   Each sentenced male inmate shall be classified according to risk and needs, and shall be assigned to one (1) of five (5) custody levels: High Security, Maximum Security, Medium Security, Minimum Security or Community Custody.

      a.   High Security is the highest security level; Maximum Security is a close supervision custody level; Medium Security is a moderate security level, Minimum Security is a low security level and Community Custody is the lowest security classification level.

      b.   Minimum Security allows inmates to be placed in work assignments in the public sector or to pursue education at an outside institution. Community Custody allows inmates to work in the private sector.

   2.   Each sentenced female inmate shall be classified according to risk and needs and shall be assigned to one (1) of three (3) custody levels: Medium Security, Minimum Security or Community Custody.

      a.   Medium Security is a moderate security level, Minimum Security is a low security level and Community Custody is the lowest security level.

      b.   Minimum Security allows inmates to be placed in work assignments in the public sector. Community Custody allows inmates to work in the private sector.

E.   Admissions and Orientation (A&O)

   1.   Intake Service Center: Pursuant to Rhode Island General Laws § 42-56-29; § 42-56-30; § 42-56-31 and § 42-56-32, any sentenced male offender shall be admitted to the Intake Service Center. An initial classification assessment is conducted; the offender is classified and transferred to the appropriate facility. The sentenced inmate shall also have a rehabilitative needs assessment.

2. <u>Gloria DiSandro McDonald Facility</u>: Pursuant to Rhode Island General Laws § 42-56-29; § 42-56-30; § 42-56-31 and § 42-56-32 any sentenced female offender shall be admitted to this facility. A risk and comprehensive needs assessment shall be completed over a period of thirty (30) business days. Upon completion of the initial classification assessment, the offender shall be classified and placed in an appropriate facility.

3. <u>State law and federal court mandates</u>: Upon completion of the initial classification assessment, the inmate shall be classified and transferred to an appropriate facility.

F.  <u>Administrative Transfer Process</u>

1. <u>Males</u> -- The Intake Services Coordinator identifies those sentenced male inmates serving a sentence of six (6) months *or less* and who are therefore eligible for Administrative Transfer to a Minimum Security custody level. The Intake Services Coordinator completes the Administrative Classification Assessment-Males (Attachment 1) for each eligible sentenced male inmate.

2. <u>Females</u> -- In the Women's Facilities, the Adult Counselor identifies those sentenced female inmates serving a sentence nine (9) months *or less* and who are therefore eligible for Administrative Transfer to a Minimum Security custody level. The Adult Counselor completes the Administrative Classification Assessment-Females (Attachment 2) for each eligible sentenced female inmate.

3. When completed, the Administrative Classification Assessment Form is sent to the Associate Director of Classification for approval or denial for eligible sentenced male inmates and to the Warden Women's Facilities for approval or denial for eligible sentenced female inmates.

4. Inmates approved for Administrative Transfer are moved to the appropriate facility. The Classification Office schedules those inmates denied Administrative Transfer for an Initial Classification Board Hearing.

G.  <u>Initial Classification Review</u>

<u>Males</u> -- The Initial Inmate Custody Scoring Form (Attachment 3) is used to determine the recommended custody level for each newly sentenced male inmate. The Adult Counselor reviews the inmate's record and completes the following items on this form:

1. Time remaining to good time release (GTR)/parole eligibility date
2. History of institutional violence
3. Severity of current offense
4. Prior assault offense history
5. Escape history
6. Number of disciplinary reports
7. Most severe disciplinary report received
8. Prior felony convictions
9. Age

The Adult Counselor shall complete the Classification Review Form (Attachment 5). The Adult Counselor shall also review the police reports (if available) and the inmate's assessment and treatment documents.

H.   Inmate Needs Assessment

A Needs Assessment is used to determine the program and treatment needs for each newly sentenced inmate. A risk and comprehensive needs assessment shall be completed over a period of thirty (30) business days after sentencing to either the Intake Service Center or the Gloria DiSandro McDonald Facility.

1.   Males -- Assessment of inmate needs is the responsibility of Adult Counselors in conjunction with the staff member responsible for the training, monitoring and evaluation of the Level of Service Inventory-Revised (LSI-R) for the Department.

     a.   All males sentenced to a term of nine (9) months to one (1) year shall be administered the LSI-R Proxy Screening Tool.

     b.   Adult Counselors shall administer the LSI-R for males who have a sentence of more *than* one (1+) year.

2.   Females -- Female offenders who are serving a sentence of nine (9) months or *less* are screened using the Women's Risk Needs Assessment Screener (WRNAS). Those offenders identified through the Screener as "high risk" (those who receive a score of 9 or higher) are referred for an LSI-R and Women's Risk Needs Assessment (WRNA) also known as a "Trailer". Adult Counselors shall administer the LSI-R and WRNA to any female offender sentenced to *more than* nine (9) months.

I.     <u>Scoring</u>

Once the Adult Counselor has completed the Initial Classification Scoring Form and the LSI-R (for sentenced men), or the WRNA (for sentenced women), s/he recommends a custody level designation and prepares a case plan for presentation to the Initial Classification Board (Initial Board).

J.     <u>Recommendation and Approval Process</u>

1.     The Adult Counselor provides the Initial Board with the Initial Classification Scoring form, the LSI-R or WRNA, and his/her custody recommendation for its review. The Initial Board meets with the inmate and engages him/her in a discussion about his/her classification and case management plan. The Initial Board uses the LSI-R or WRNA as part of the case management plan and as the basis on which to recommend programs, priority of programs and order in which the programs should be taken. The Initial Board may also consider factors (e.g., physical limitations) which preclude housing in certain facilities.

2.     For sentenced male inmates, the Initial Board determines a High, Maximum, Medium, or Minimum custody level and submits their determination to the Associate Director of Classification for his/her approval.

      a.     For male inmates sentenced to nine (9+) *or more* years with a recommendation of Minimum custody level, the Director has final custody level approval.

      b.     For male inmates who are designated as "Security Risk Group" (SRG) or "Protective Custody" (PC), the Assistant Director of Institutions & Operations (ADIO) has final custody level approval as delegated by the Director.

      c.     For all other male inmates, the Associate Director of Classification has final custody level approval as delegated by the Director.

3.     For sentenced female inmates, the Initial Board determines a custody level of Medium or Minimum and submits their recommendation to the Warden Women's Facilities who has custody level approval as delegated by the Director.

       a.    For female inmates sentenced to nine (9+) *or more* years with a recommendation of Minimum custody level, the Director has final custody level approval.

       b.    For female inmates who are designated as Level I or Level II SRG, the ADIO has final custody level approval.

       c.    For female inmates who have a sentence of *less than* nine (9) years, the Warden Women's Facilities has final custody level approval as designated by the Director.

4.    If the Director/designee (as outlined above) agrees with the Initial Board's recommendation, the inmate's custody level is finalized.

5.    If the Director/designee disagrees with the Initial Board's recommendation, the case is sent back to its members for a Discussion Hearing. The Director/designee provides the Initial Board with written reasons for his/her disagreement with their recommendation.

At the Discussion Hearing the Initial Board (the same Classification Board members who made the initial/original decision) is re-convened to consider the Director/designee's concerns and may either decide to alter its recommendation to agree with the Director/designee's determination or the Initial Board may maintain its original recommendation.

The results of the Discussion Hearing are sent back to the Director/designee and s/he has the final decision-making authority to determine the inmate's custody level designation. If the final decision deviates from the Initial Board's recommendation or from the Initial Inmate Custody Scoring Form results, the reasons for the override are documented in the computer record.

K.    Initial Classification Custody Level Designations

An inmate's initial custody level shall be determined based on the following factors:

1.    Minimum Custody Level

       a.    Classification Board recommendation

       b.    Sentence is five (5) years *or less*

c.    Classification Risk Assessment Score is 0 - 6 (males)

d.    WRNA score of 19 – 37 – Minimum Security (females)

e.    WRNA score of 0 – 18 -- Work Release (females)

2.    <u>Medium Custody Level</u>

    a.    Classification Board recommendation

    b.    Sentence exceeds five (5+) years up to fifteen (15) years

    c.    Classification Risk Assessment Score is 7 – 16 (males)

    d.    WRNA score of 38 or higher -- Medium Security (females)

3.    <u>Maximum Custody Level</u>

    a.    Classification Board recommendation

    b.    Sentence exceeds fifteen (15+) years, Life or Life without Parole

    c.    Classification Risk Assessment Score is 17+ (males)

4.    <u>High Custody Level</u>

    a.    Classification Board recommendation

    b.    Sentence exceeds fifteen (15+) years, Life or Life without Parole

    c.    Risk Assessment Score is 17+

L.    <u>Inmate Reclassification Review</u>

Reclassification Board hearings are held at regular intervals and whenever necessitated by a major change in an inmate's programming and/or behavior. Reclassification Board reviews help to ensure continuity in the treatment, programming and custody level placement to meet the inmate's changing needs.

1. Reclassification Scoring Instrument

    a. The Adult Counselor reviews the sentenced male inmate's record and completes the Inmate Reclassification Custody Scoring Form (Attachment 4).

    b. The Adult Counselor reviews the sentenced female inmate's record, and updates the institutional record and program/treatment for presentation to the Classification Board.

    c. The Adult Counselor shall complete the Classification Review Form (Attachment 5).

2. Reclassification Schedule

    An inmate's classification is reviewed at least once every six (6) months or annually depending on the time remaining to be served on his/her sentence. Inmates are notified one (1) month in advance of their reclassification hearing date. The reclassification schedule is determined by the following:

    a. Inmates with five (5) years *or less* remaining until their good time release (GTR) may be assigned a six (6) month review date.

    b. Inmates with *more* than five (5+) years remaining until their GTR may be reviewed on an annual basis.

3. Scoring

    Once the Adult Counselor has completed the Reclassification Scoring Instrument, reviewed the LSI-R or WRNA and the inmate's program participation, s/he recommends a custody level designation to the Reclassification Board.

4. Reclassification Custody Level Designations

    An inmate's reclassification custody level shall be determined based on the following factors:

    a. Minimum Custody Level

        (1) Classification Board recommendation

        (2)     Classification Risk Assessment Score is 0 - 8 (males)

        (3)     WRNA score of 19 – 37 -- Minimum Security (females)

        (4)     WRNA score of 0 – 18 – Work Release (females)

b.    Medium Custody Level

        (1)     Classification Board recommendation

        (2)     Classification Risk Assessment Score is 9 - 18 (males)

        (3)     WRNA score of 38 or higher -- Medium Security (females)

c.    Maximum Custody Level

        (1)     Classification Board recommendation

        (2)     Classification Risk Assessment Score is 19+ (males)

        (3)     WRNA score of 44+ (females)

d.    High Custody Level

        (1)     Classification Board recommendation

        (2)     Risk Assessment Score is 19+

5.    Recommendation and Approval Process (Males)

a.    The Reclassification Board reviews the Reclassification Scoring Instrument, the LSI-R, and the custody recommendation that has been provided by the Adult Counselor. The Reclassification Board may also consider factors (e.g., physical limitations) which preclude housing in certain facilities. The Reclassification Board then meets with the inmate and engages him in a discussion about his classification and case management plans.

b.    The Reclassification Board determines a custody level of Community Confinement, Minimum, Medium, Maximum, or High Security and submits the determination to the Associate Director of Classification

for approval. For male inmates sentenced to *more than* nine (9+) years with a recommendation of Minimum custody level, the Director has final custody level approval.

For male inmates who are designated as SRG or Protective Custody, the ADIO has final custody level approval. For all other male inmates, the Associate Director of Classification has final custody level approval as delegated by the Director.

6. <u>Recommendation and Approval Process (Females)</u>

   a. The Reclassification Board reviews the Reclassification Scoring Instrument, the WRNA, and the custody recommendation that has been provided by the Adult Counselor. The Reclassification Board may also consider factors (e.g., physical limitations) which preclude housing in certain facilities. The Reclassification Board then meets with the inmate and engages her in a discussion about her classification and case management plans.

   b. For female inmates sentenced to nine (9+) years *or more* with a recommendation of a Minimum custody level, the Director has final custody level approval. For female inmates who are designated as Level I or Level II SRG, the ADIO has final custody level approval as delegated by the Director. For female inmates who have *less than* nine (9) years to serve, the Women's Facilities Warden has final custody level approval as delegated by the Director. If the Director/designee agrees with the Reclassification Board's recommendation, the custody level designation is finalized.

   c. If the Director/designee disagrees with the Reclassification Board's recommendation, the case is sent back to the Reclassification Board for a Discussion Hearing. The Director/designee provides written reasons for his/her disagreement with the Reclassification Board's recommendation.

   d. At the Discussion Hearing, the Reclassification Board considers the reasons for the Director's disagreement with their recommendation and may decide to alter their recommendation to agree with the Director/designee's determination or may maintain their original recommendation.

---

   e. The results of the Discussion Hearing are sent back to the Director/designee and s/he has final authority to determine the inmate's custody level designation. If his/her final decision deviates from the Reclassification Board's recommendation or from the Reclassification Scoring Instrument results, the reasons for the override are documented in the computer record.

M. <u>Transfer of Inmates</u>

  Once the final approval and custody level designation is made for an inmate at either an Initial or a Reclassification Hearing, the inmate is moved to the appropriate facility for his/her custody level.

N. <u>Immediate Review Dates</u>

  Significant changes in classification status may result in an immediate review and may alter an inmate's custody level and/or establish a six (6) month or an annual review cycle. For example, an immediate review may be scheduled for any of the following reasons:

  1. Removal of an enemy issue
  2. Change in SRG status
  3. Parole release date
  4. Parole eligibility date
  5. Change in sentence (reduction or modification)
  6. Removal of pending charges or an immigration Detainer
  7. New charges
  8. Significant discipline
  9. Program completion
  10. Positive institutional record

  Immediate review dates can be requested by staff or by an inmate by contacting the Associate Director of Classification.

O. <u>Custody Level Status/Changes</u>

  Based on all the information presented at an inmate's regularly scheduled review, the Reclassification Board determines if any changes in custody shall occur. Determinations include:

  1. Status quo: No change in custody level

      2.     Increase:  Higher level of supervision required

      3.     Decrease:  Lower level of supervision required

P.    High Security Custody Level/Status Changes

      1.     Inmates who are approved for removal from Administrative or Disciplinary Confinement are reduced to a lesser confinement status or a Maximum custody level.

      2.     Inmates approved for removal from Close Restrictive ("C") status are reduced to a Maximum custody level.

      3.     No inmate is considered for a custody level reduction lower than Medium without approval from the Director/designee.

      4.     Inmates approved for removal from Protective Custody are reduced to any custody level deemed appropriate with the proper evidence and documentation to support the custody reduction.

Q.    Maximum Custody Level/Status Changes

      1.     Inmates serving a sentence of Life without Parole (LWOP) are not considered for a reduction to a Medium Custody level unless such reclassification is needed for either security or clinical reasons.  The decision to reduce a LWOP inmate's classification to a Medium Custody level is the exception rather than the rule and is made with consideration of either the specific security or clinical issues that justify this change.  The Director must approve every decision to reclassify a LWOP inmate to a Medium Custody level.

      2.     Inmates serving a life sentence of LWOP are not considered for a Minimum Custody level.

R.    Reduction from Medium Custody Level

      1.     Inmates serving sentences of *more than* five (5+) years, and up to and including ten (10) years, may be eligible for a reduction to a Minimum custody level when they are parole eligible.  Inmates with a sentence of *more than* ten (10+) years, up to and including Life for Murder I and Murder II, may be eligible for a reduction to a Minimum Custody level when they are granted a parole release date by the Rhode Island Parole Board.

2.   Medium Custody level inmates are **NOT** eligible for a reduction to a Minimum Custody level if <u>one</u> of the following circumstances exists:

    a.   Outstanding warrant(s)

    b.   Violent felony charges pending

    c.   Out-of-state detainers (Interstate Agreement on Detainers [IAD], Interstate Compact Agreement)

    d.   ICE (immigration) Detainer

    e.   Sentence conviction:   Sex offender (unless approved by the Director/designee)

S.   <u>Reduction from a Minimum Custody Level</u>

1.   The Work Release Eligibility Date (WRED) determines when the inmate is eligible to be seen by a Reclassification Board for review and consideration to a Community Custody level.  To be considered eligible for this program:

    a.   An inmate cannot have a No Contact Order (NCO) regarding a person or person(s) lodged against him/her

    b.   An inmate cannot have pending felony/misdemeanor charges

    c.   An inmate must meet the eligibility criteria as defined in RIGL § 42-56-20.2-1(h) if being considered for Home Confinement.

2.   The Community Correctional Program for Women:   Inmates being considered for placement in the Community Correctional Program must meet the criteria as defined in RIGL § 42-56-20.3 (b) Persons subject to this section.

T.   <u>Community Custody Level</u>

The Community Custody level provides an eligible inmate with the opportunity to reintegrate into the community.  Any inmate who refuses to participate in any program assignment and/or work assignment consistent with the inmate's assessed needs may be excluded from Community Custody placement until s/he complies with the classification/case management assignment.   Level I and Level II SRG inmates are ineligible for Community Custody placement unless approved by the Director/designee.  Community Custody levels include Work Release and Community Confinement.

1. <u>Work Release Program</u>

   a. The following rules apply to an inmate's eligibility for Work Release:

      (1) inmate must serve one-sixth (1/6) of his/her sentence to be eligible for Work Release;

      (2) no inmate serving a sentence after being convicted of a sex offense involving minors shall be eligible for Work Release; and

      (3) no inmate serving a sentence of Life without Parole is eligible for Work Release.

   b. An inmate who has been convicted of a criminal offense may be permitted to work at paid employment, voluntarily participate in training or educational and other rehabilitative programs (in or out-of-state) outside of the institution at any time and under any conditions and restrictions as the Director/designee may impose.

   c. An inmate's WRED determines when an inmate is eligible for Work Release. If an inmate is recommended for placement on Work Release, the Classification Office shall *immediately notify* the following individuals *prior* to the release of any inmate on Work Release. (RIGL § 42-56-21.1):

      (1) the victim of the crime the inmate committed, in homicide cases, a member of the immediate family of the victim (if any be identified);

      (2) the police department in the community where the crime for which the inmate was sentenced was committed;

      (3) the police department in the community where the inmate was residing at the time of the commission of the crime;

      (4) the police department in the community where the inmate will be working

   d. Inmates may also be placed on Work Release pursuant to orders from the court. Any inmate who is court-ordered to Work Release is

subject to RIDOC's jurisdiction.  [RIGL § 12-19-2 (b) (c) (d) and RIGL § 31-27-2.2]

2. Community Confinement Program

Any sentenced inmate committed under the direct care, custody and control of the Department of Corrections may, at the discretion of the Director, be classified to Community Confinement.  This provision shall not apply to any inmate whose current sentence was imposed upon conviction of Murder, First Degree Sexual Assault, and/or First Degree Child Molestation.   An inmate's WRED determines when an inmate is eligible to participate in the Community Confinement program:

a. An inmate must be within six (6) months of the projected good time release date, provided, that the inmate shall have completed at least one-half (1/2) of the full term of incarceration.

b. Any inmate who is sentenced to a term of six (6) months *or less* of incarceration, provided that the inmate shall have completed at least three-fourths (3/4) of the term of incarceration.

If an inmate is recommended for placement on Community Confinement and approved for such placement by the Director of Corrections, police notification is required.  The Director/designee shall notify the appropriate police department when a sentenced inmate has been placed on Community Confinement.  The notice includes the nature of the offense and the express terms and conditions of the inmate's confinement.  This notice is also given to the appropriate police department when an inmate on Community Confinement is placed on escape status.

15.01-6 DOC
Attachment 1
Page 1 of 1

RHODE ISLAND DEPARTMENT OF CORRECTIONS
**ADMINISTRATIVE CLASSIFICATION ASSESSMENT - MALES**

Inmate Name:_____   ID #:_____

DOB:_____   Charge:_____

Sentence:_____   Date Imposed:_____

*Instructions:  Respond to each question below.  If the answer to any one item is "yes," you must check the box to the left of the question.  "Yes" responses indicate that the instrument recommends that the inmate is ineligible for an administrative move to Minimum and should be referred to a Classification Board.*

**Mandatory Criteria:  A "yes" response requires referral to Classification Board**
- ☐   Has it been documented that the inmate is in a Security Risk Group?
- ☐   Does the inmate have a pending felony?
- ☐   Does the inmate have an outstanding felony warrant from another jurisdiction?
- ☐   Does the inmate have an ICE detainer?

**Discretionary Criteria**
- ☐   Is the inmate currently in protective custody?
- ☐   Is the current sentence a highest or high severity offense?
- ☐   Is the inmate a recidivist (5 or more prior felony incarcerations within the last 10 years)?
- ☐   Does the inmate have a history of institutional discipline (highest severity institutional booking within last 5 years)?
- ☐   Does the inmate have a prior escape in the last 10 years?
- ☐   Has the inmate been waived from Family Court/Training School?
- ☐   Does the inmate have mental health/medical restrictions?

---

- ☐   Administrative Assessment Tool Allows for Transfer to MIN
- ☐   Administrative Assessment Tool Recommends Referral to Classification Board

---

- ☐   Administrative Transfer to MIN Recommended by Intake Services Coordinator
- ☐   Intake Services Coordinator Recommends Referral to Classification Board

If the recommendation of the Intake Services Coordinator differs from the Assessment Tool, please indicate the recommendation is an override and specify the reason(s).

- ☐   Override       Reason:_____

---

For Associate Director of Classification use only:

- ☐   Administrative Transfer Approved          ☐   Administrative Transfer Denied

_____          _____
Signature                                                          Date

15.01-6 DOC
Attachment 2
Page 1 of 1

### RHODE ISLAND DEPARTMENT OF CORRECTIONS
## ADMINISTRATIVE CLASSIFICATION ASSESSMENT - FEMALES

Inmate Name:_____ ID #:_____

DOB:_____ Charge:_____

Sentence:_____ Date Imposed:_____

*Instructions:* Respond to each question below. If the answer to any one item is "yes," you *must* check the box to the left of the question. "Yes" responses indicate that the instrument recommends that the inmate is *ineligible* for an administrative move to Minimum and should be referred to a Classification Board.

**Mandatory Criteria: A "yes" response requires referral to Classification Board**

☐   Has it been documented that the inmate is in a Security Risk Group 1 or 2?
☐   Does the inmate have a violent pending felony(s) or violent pending felony on PR?
☐   Does the inmate have an outstanding felony warrant from another jurisdiction?
☐   Does the inmate have an ICE detainer?

**Discretionary Criteria**

☐   Does the inmate have a non-violent pending felony(s) or pending felony on PR?
☐   Is the inmate currently in protective custody?
☐   Is the current sentence a highest or high severity offense?
☐   Is the inmate a recidivist (5 or more prior felony incarcerations within the last 10 years)?
☐   Does the inmate have a history of institutional discipline (highest severity institutional booking within last 5 years)?
☐   Does the inmate have a prior escape in the last 10 years?
☐   Has the inmate been waived from Family Court/Training School?
☐   Does the inmate have mental health/medical restrictions?

---

☐   Administrative Assessment Tool Allows for Transfer to MIN
☐   Administrative Assessment Tool Recommends Referral to Classification Board

---

☐   Administrative Transfer to MIN Recommended by Deputy/Warden
☐   Administrative Transfer to Minimum denied by Deputy/Warden and referred to Classification Board

Reason: _____

---

_____        _____
Deputy/Warden Signature                Date

15.01-6 DOC
Attachment 3
Page 1 of 3

## RHODE ISLAND DEPARTMENT OF CORRECTIONS
### INITIAL INMATE CLASSIFICATION CUSTODY SCORING FORM

NAME _____    _____  _____    _____
       Last            First          M.I.    I.D#      D.O.B.

SENTENCED TO _____ AS OF: _____

COUNSELOR: _____ DATE: _____

### 1. TIME REMAINING TO GOOD TIME RELEASE/PAROLE ELIGIBILITY SCORE "A" *OR* "B"

**A.** Non-Lifers
5 years or less ............................................................... 0
More than 5 years and up to 10 years .............................. 3
More than 10 years and up to 20 years ............................. 5
More than 20 years ....................................................... 7

"A" Score _____

**OR**

**B.** Lifers
Parole eligible by Statute .............................................. 0
Not parole eligible by Statute ........................................ 7

"B" Score _____

### 2. HISTORY OF INSTITUTIONAL VIOLENCE
*(Code most serious within last five years)*

None .......................................................................... 0
Assault and battery not involving use of weapon or
resulting in serious injury ............................................. 3
Assault and battery involving use of weapon and/or
resulting in serious injury or death .................................. 7

Score _____

### 3. SEVERITY OF CURRENT OFFENSE
(Refer to the Offense Severity Scale. Score the most serious offense if there are multiple convictions)

Low/Low Moderate ....................................................... 1
Moderate ..................................................................... 2
High ........................................................................... 4
Highest ....................................................................... 6

Score _____

### 4. PRIOR ASSAULTIVE OFFENSE HISTORY
(Score the most severe in inmate's history within the last ten years)

None .......................................................................... 0
Low/Moderate ............................................................. 1
Moderate ..................................................................... 2
High ........................................................................... 4
Highest ....................................................................... 6

Score _____

### 5. ESCAPE HISTORY (Score both Categories)

No escapes or attempts (or no prior incarcerations) ......................... 0

A. An escape or attempt from Minimum or Community Custody, no actual or threatened violence:

Over 3 years ago but less than 10 years ........................... 1
Over 1 year ago but less than 3 years .............................. 3
Within the last year ...................................................... 5

Score _____

**RHODE ISLAND DEPARTMENT OF CORRECTIONS**
**INITIAL INMATE CLASSIFICATION CUSTODY SCORING FORM**

**15.01-6 DOC**
**Attachment 3**
**Page 2 of 3**

B. An escape or attempt from Medium or above custody, or an escape from
Minimum or Community Custody with actual or threatened violence:

Over 3 years ago, but less than 10 years ...................................................... 3
Over 1 year, but less than 3 years ........................................................... 5
Within the last year ................................................................... 7          Score _____

### 6. NUMBER OF DISCIPLINARY REPORTS

None in last 36 months ................................................................... 0
One in last 36 months .................................................................... 1
Two to four in last 36 months ............................................................ 3
Five or more in last 36 months. ........................................................... 5          Score _____

### 7. MOST SEVERE DISCIPLINARY REPORT RECEIVED (last 36 months)

None ................................................................................... 0
Low Moderate ........................................................................... 1
Moderate ............................................................................... 2
High ................................................................................... 3
Highest ................................................................................ 5          Score _____

### 8. PRIOR FELONY CONVICTIONS
(Score prior felonies within last 10 years)

None ................................................................................... 0
One .................................................................................... 2
Two .................................................................................... 3
Three or more .......................................................................... 4          Score _____

### 9. AGE

____Age 30 and over ..................................................................... 0
____Age 21-29 .......................................................................... 1
____Below 21 ........................................................................... 2          Score _____

**Add items 1 through 9**

Maximum/High    17+
Medium Custody   7-16
Minimum Custody  0-6                                                                            **Total Score_____**

**RHODE ISLAND DEPARTMENT OF CORRECTIONS**
**INITIAL INMATE CLASSIFICATION CUSTODY SCORING FORM**

15.01-6 DOC
Attachment 3
Page 3 of 3

| | |
|---|---|
| **COUNSELOR'S RECOMMENDATION** | Instrument Scored Custody Level:_____<br><br>**MANDATORY/POLICY OVERRIDES**<br><br>**C.O.**   Court ordered custody level pursuant to RIGL S 12-19.2<br>             Court Ordered Custody Level: _____<br><br>**C.P.**   Inmate's TOTAL SCORE is Minimum/Community Custody score, and has a<br>             pending Felony, ICE, Out-of State Detainer.<br>             (Override based on above automatic Medium placement)      YES_____<br><br>**M.P.O.** Mandatory Policy Override  pursuant to policy 15.01-1 DOC   YES_____<br><br>Mandatory Custody Override:_____<br><br>Counselor's signature_____   Date:_____ |
| **BOARD'S RECOMMENDATION** | **DISCRETIONARY OVERRIDE**<br>MED   Medical   _____            PRO  Program Participation _____<br>MEN   Mental Health  _____    GTR  Within 6 months of Good Time Release____<br>PC      Protective Custody _____  PRD  Granted advance paroled release date_____<br>DIR   Director   _____<br>Comments:_____<br>_____<br>_____<br><br>Board's Recommended Custody Level:_____<br><br>Chairperson's Signature:_____Date:_____<br><br>Next Review Date:_____ |
| **DIRECTOR'S DECISION** | Custody Level:    Approved_____    Denied_____<br>Comments:_____<br>_____<br>_____<br><br>Custody Level:_____<br><br>Authorized Signature:_____   Date:_____ |
| **FINAL DECISION** | **DISCUSSION OF DENIAL**<br>Discussion Date:_____ Recommendation:_____<br>Comments:_____<br>_____<br>_____<br><br>Custody Level:_____<br><br>Authorized Signature:_____Date:_____ |

15.01-6 DOC
Attachment 4
Page 1 of 3

## RHODE ISLAND DEPARTMENT OF CORRECTIONS
## INMATE RECLASSIFICATION CUSTODY SCORING FORM

NAME: _____     _____   _____   _____
      Last               First               M.I.    I.D#        D.O.B.

SENTENCED TO: _____   AS OF: _____

COUNSELOR: _____   DATE: _____

**1.  TIME REMAINING TO GOOD TIME RELEASE/PAROLE ELIGIBILITY SCORE "A" _OR_ "B"**

    A.  Non-Lifers
        5 years or less ............................................................0
        More than 5 years and up to 10 years ........................................3     "A" Score _____
        More than 10 years and up to 20 years .......................................5
        More than 20 years .........................................................7     **OR**

    B.  Lifers
        Parole eligible by Statute ................................................0
        Not parole eligible by Statute ...........................................7     "B" Score _____

**2.  HISTORY OF INSTITUTIONAL VIOLENCE**
    *(Code most serious within last five years)*

    None ........................................................................0
    Assault and battery not involving use of weapon or
    resulting in serious injury .................................................3
    Assault and battery involving use of weapon and/or
    resulting in serious injury or death ........................................7     Score _____

**3.  DID ABOVE ASSAULT OCCUR WITHIN THE LAST TWELVE MONTHS?**
    YES .......................................................................3
    NO .......................................................................0     Score _____

**4.  SEVERITY OF CURRENT OFFENSE**
    (Refer to the Offense Severity Scale. (Score the most serious offense if there are multiple
    convictions.)

    Low/Low Moderate ..........................................................1
    Moderate ..................................................................2
    High ......................................................................3
    Highest ...................................................................4     Score _____

**5.  PRIOR ASSAULTIVE OFFENSE HISTORY**
    (Score the most severe in inmate's history within the last ten years.)

    None ......................................................................0
    Low/Moderate ..............................................................1
    Moderate ..................................................................2
    High ......................................................................4
    Highest ...................................................................6     Score _____

**6.  ESCAPE HISTORY** (Score both Categories)

    No escapes or attempts (or no prior incarcerations) ..........................0

    A.  An escape or attempt from Minimum or Community Custody, no actual or
    threatened violence:
    Over 3 years ago but less than 10 years ....................................1
    Over 1 year ago but less than 3 years ......................................3
    Within the last year .......................................................5     Score _____

## RHODE ISLAND DEPARTMENT OF CORRECTIONS
## INMATE RECLASSIFICATION CUSTODY SCORING FORM

B.  An escape or attempt from Medium or above custody, or an escape from Minimum or
Community Custody with actual or threatened violence:

Over 3 years ago, but less than 10 years ........................................................3
Over 1 year, but less than 3 years ...............................................................5
Within the last year .................................................................................7          Score _____

### 7.  NUMBER OF DISCIPLINARY REPORTS

None in last 36 months ..........................................................................0
One in last 36 months ............................................................................1
Two to four in last 36 months ..................................................................3
Five or more in last 36 months .................................................................5          Score _____

### 8.  MOST SEVERE DISCIPLINARY REPORT RECEIVED (last 36 months)

None ...................................................................................................0
Low Moderate .......................................................................................1
Moderate ..............................................................................................2
High .....................................................................................................3
Highest .................................................................................................5          Score _____

### 9.  PRIOR FELONY CONVICTIONS
(Score prior felonies within last 10 years)

None ...................................................................................................0
One ......................................................................................................2
Two ......................................................................................................3
Three or more .......................................................................................4          Score _____

### 10.  AGE

____Age 30 and over ...............................................................................0
____Age 21-29 ........................................................................................1
____Below 21 .........................................................................................2          Score _____

Add items 1 through 9

Maximum/High     19+
Medium Custody   9-18
Minimum Custody  0-8                                                                                  **Total Score** _____

**15.01-6 DOC**
**Attachment 4**
**Page 3 of 3**

### RHODE ISLAND DEPARTMENT OF CORRECTIONS
### INMATE RECLASSIFICATION CUSTODY SCORING FORM

| | |
|---|---|
| **COUNSELOR'S RECOMMENDATION** | Instrument Scored Custody Level:_____<br><br>**MANDATORY/POLICY OVERRIDES**<br>**C.P.**   Inmate's TOTAL SCORE is Minimum/Community Custody score, and has Pending Felony, ICE, Out-of State Detainer.<br><br>(Override based on above automatic Medium placement)      YES_____<br>**M.P.O.** Meets minimum custody pursuant to policy 15.01-1 DOC      YES_____<br><br>Counselor's signature_____    Date:_____ |
| **BOARD'S RECOMMENDATION** | **DISCRETIONARY OVERRIDE**<br>MED   Medical        _____      PRO  Program Participation        _____<br>MEN   Mental  Health   _____     GTR  Within 6 months of Good Time Release _____<br>PC      Protective Custody _____     PRD  Granted advance paroled release date   _____<br>DIR    Director          _____<br>Comments:_____<br><br>_____<br><br>_____<br><br>Board's Recommended Custody Level:_____<br><br>Chairperson's Signature:_____       Date:_____<br><br>Next Review Date:_____ |
| **DIRECTOR'S DECISION** | Custody Level:    Approved_____       Denied_____<br><br>Comments:_____<br><br>_____<br><br>_____<br><br>Custody Level:_____<br><br>Authorized Signature:_____       Date:_____ |
| **FINAL DECISION** | **DISCUSSION OF DENIAL**<br>Discussion Date:_____    Recommendation:_____<br><br>Comments:_____<br><br>_____<br><br>_____<br><br>Custody Level:_____<br><br>Authorized Signature:_____       Date:_____ |

**Classification Review Form**

15.01-6 DOC
Attachment 5
Page 1 of 1

**Inmate Name:**　　　　**ID#**　　　　　　**Date:**

**Being seen in**　　**for a** ☐ NR　☐ Re-Class　☐ DG

**SRG Level**　　　**Reason**

**Serving**　　　**For**

**As of (Retro)**　　　**with a G /T Release Date of**

**Consecutive/Concurrent Sentence**

**Pending Charges:**　　　　**Detainer:**　　　　**Out of State Inmate:**

**Parole Eligibility Date**　　　**Next Hearing**

　　**Parole comments:**

**Risk Assessment Score of**　　**Which Indicates** ☐ Max　☐ Med　☐ Min

**Prior History:** (sentences, downgrades, criminal past)

**NCOs**

**Enemies:** ☐ N ☐ Y (see attached) ☐ NIS　☐ Level 1 ☐ Level 2

　　☐ ISC ☐ HS ☐ Max ☐ Med ☐ Min

**Last booking received:**　　**Discipline Hx:**

☐ **SA urines**　　　　☐ **Trafficking**
　　☐ **C/O Assaults**　　　☐ **Assault/fighting**

**Programs - since last classification board:**
**Enrolled:**

**Completed:**

**High School Diploma/GED** ☐ Yes ☐ No

**SOTP:**　　　　　**M/H:**

**Job:**

**Recommendations:** ☐ HS-C ☐ HS-B ☐ Max ☐ Med ☐ Min ☐ WR

**Counselor Comments:**

**Counselor Name**