UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSEPH MORRIS, individually and on Behalf of all others similarly situated,<br>    Plaintiffs, | :<br>:<br>: | |
| | : | |
| v. | : | C.A. No. 69-cv-04192JJM |
| | : | |
| WAYNE SALISBURY, in his capacity as the Acting Director to the State of Rhode Island Department of Corrections, as successor to ANTHONY TRAVISONO,<br>    Defendant. | :<br>:<br>:<br>:<br>:<br>: | |
| | | |
| RICHARD PAIVA,<br>    Plaintiff, | :<br>: | |
| | : | |
| v. | : | C.A. No. 17-mc-00014JJM |
| | : | |
| RHODE ISLAND DEPARTMENT OF CORRECTIONS,<br>    Defendant. | :<br>:<br>: | |

**RECOMMENDATION TO ENTER
INTERIM ORDER BY AGREEMENT**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

What has long been referred to as the "Morris Rules" constitutes an "order of this Court" mandating, *inter alia*, that the Rhode Island Department of Corrections ("RIDOC") limit the placement of prisoners in punitive segregation to no more than thirty days and establish disciplinary procedures including a disciplinary board required to be independent of the staff who initiated or investigated the alleged violation. Paiva v. Rhode Island Department of Corrections, 498 F. Supp. 3d 277, 280, 287 (D.R.I. 2020); see also Morris v. Travisono, 310 F.

Supp. 857 (D.R.I. 1970).[1]  As clarified by the First Circuit Court of Appeals on December 21, 2018, the Morris Rules, including the thirty-day limit on disciplinary segregation and the requirements for the disciplinary board, remain in full force and effect as an "existing court order."  Id. at 279, 284-85.  In Paiva, the Court held that discipline of more than thirty days imposed based on a hearing conducted by a single RIDOC officer violated the Morris Rules and ordered that the Morris Rules must be reinstated within thirty days; however, the Court declined to make a finding of contempt because (as of the date the discipline was imposed) the court order was not clear and unambiguous.  Paiva, 498 F. Supp. 3d at 287.

On February 7, 2020, the Court stayed its order to reinstate the Morris Rules pending further order of the Court.  Morris v. Travisono, 69-cv-4192-JJM, ECF No. 4.  Later in 2020, the Court referred the issues framed by Morris/Paiva for court-annexed mediation.  Id., Text Order of Sept. 3, 2020.  To assist with mediation, on July 19, 2021, the Court appointed a Rule 706 expert with correctional expertise to be paid for by RIDOC for the purpose of obtaining independent expert opinions in connection with the ongoing mediation.  Id., ECF Nos. 18-20; Paiva v. Rhode Island Department of Corrections, 17-mc-14-JJM, ECF Nos. 83-85.  Since the appointment of this Rule 706 expert, the Court has found that all parties in Morris/Paiva have engaged in court-annexed mediation in good faith.  Liberty v. Rhode Island Department of Corrections, C.A. No. 19-573-JJM-PAS, 2022 WL 18024627, at *2 (D.R.I. Dec. 30, 2022).  A year and a half after the engagement of the Rule 706 correctional expert, mindful both that the Morris/Paiva certified class includes individuals with mental illness and of RIDOC's good faith commitment to address all Morris/Paiva issues, on December 8, 2022, the Court appointed a

---

[1] For a more detailed history of the Morris Rules, the reader is directed to Paiva, 498 F. Supp. 3d at 280-82.

second Rule 706 expert in Morris/Paiva to provide independent expert opinions regarding mental health issues.² Liberty, 2022 WL 18024627, at *2-3.

As publicly announced, through this mediation, on July 30, 2023, RIDOC issued new policies and procedures that address the use of restrictive housing and discipline, including the conduct of disciplinary hearings; these new policies and procedures impose a thirty-day limit on punitive segregation and provide for an impartial decisionmaker at disciplinary hearings, consistent with the Court's existing order in the Morris Rules. See Acting Director of RIDOC's July 18, 2023, Memorandum.³ As of this writing, the new policies and procedures have been in effect for nine months, during which time RIDOC has been working on implementation and counsel for Plaintiffs and the Court's Rule 706 correctional expert have been monitoring implementation. Based on these developments, in the normal course pursuant to Fed. R. Civ. P. 23, the parties would now negotiate a consent decree and the Court would preside over further proceedings focused on the giving of notice to the class and conducting a fairness hearing with an opportunity for objections to be heard, as well as whether to vacate the Morris Rules in light of the new policies and procedures. However, because the mental health component of Morris/Paiva is still in ongoing and active mediation, the Court has found and still finds that judicial efficiency is best served by delay until all Morris/Paiva issues can be addressed at once.

Based on the foregoing, and pursuant to the agreement of the parties, I recommend that the Court issue an interim order (in the form attached as Exhibit A) as follows:

> Through the mediation that the Court ordered be conducted while the Morris Rules are stayed, RIDOC adopted certain new policies and procedures on July 30, 2023, which policies and procedures address various matters related to inmate

---

² This expert was also appointed in another case that is focused exclusively on mental health. Liberty, 2022 WL 18024627, at *2-3.

³ https://www.riaclu.org/sites/default/files/field_documents/memo_from_the_directors_office_to_inmate_population.pdf

discipline, including without limitation the imposition of a thirty-day limit on punitive segregation (disciplinary confinement) and the manner for conducting disciplinary hearings.  Pending further proceedings in this matter, including without limitation the negotiation of a consent decree, notice to the class, an opportunity to object, a fairness hearing and the entry of final judgment, the Court orders in the interim that RIDOC is hereby enjoined from amending, modifying or altering these certain new policies and procedures enacted on July 30, 2023, including the thirty-day limit on punitive segregation and the manner for conducting disciplinary hearings so as to adversely impact the interest of the class without first obtaining leave of Court.  This is intended to be an interim order during the pendency of the stay of the Morris Rules and is not intended to prejudice the negotiation or terms of a consent decree in this case. This order is not intended to provide for contempt proceedings based on deviations from the standards established in the new policies and procedures resulting from good faith challenges that RIDOC may face in implementing the new policies and procedures, nor is it intended to prevent or deter any adjustments to the new policies and procedures, including without limitation adjustments to make them consistent with the matters pertaining to mental health that are the subject of ongoing mediation or to address institutional safety and security.  The entry of the within Order, standing alone, does not constitute a determination that any party has achieved prevailing party status with respect to an award of attorney fees.

/s/ Patricia A. Sullivan_____
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 8, 2024