UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD PAIVA, as successor to :
JOSEPH MORRIS, individually and on behalf :
of all others similarly situated, :
       Plaintiff, :
 :
    v. :    C.A. No. 69-04192JJM-PAS
 :
WAYNE SALISBURY, in his capacity as the :
Director of the State of Rhode Island :
Department of Corrections, as successor :
to ANTHONY TRAVISONO, :
       Defendant. :
 :
**In re *Pro se* Motion of Class Member to Hold** :
**Defendant in Contempt and for Sanctions** :

### REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Now pending before the Court is the motion filed *pro se* by Class Member Ryan Callahan seeking to hold Defendant Rhode Island Department of Corrections ("RIDOC") in contempt, to obtain an award of "punitive sanctions" and for other relief. ECF No. 30. A prisoner in RIDOC's custody, Mr. Callahan brought the motion for himself and other prisoners based on the allegation that he was disciplined through the imposition of two sanctions of fifteen days each, for a total of thirty days, in disciplinary confinement for what he contends was a single incident, and that this is a deviation from RIDOC policy that "is being done on a large scale, to all RIDOC inmates." ECF No. 30 at 11. Mr. Callahan's motion rests on his belief that the Court has reinstated the so-called Morris Rules as an Order of the Court. See Paiva v. Rhode Island Dep't of Corr., No. 17-mc-00014-JJM-PAS, 2021 WL 6427674, at *1 (D.R.I. Dec. 21, 2021) (recommendation to deny inmate motion to intervene to enforce Morris Rules because it is based

on mistaken belief that they are still in force and effect),[1] adopted by text order (D.R.I. Jan. 10, 2022). Mr. Callahan also relies on an Interim Order that issued in this case on May 8, 2024. ECF No. 28. Mr. Callahan's motion has been referred to me for report and recommendation.

As background, the Court notes that Mr. Callahan's motion bears a superficial similarity to the motion seeking contempt for violation of a consent decree and a related injunction requiring compliance with the Morris Rules that was filed *pro se* by the current class representative in 2017. ECF No. 1; see In Re: Richard Lee Paiva, No. 17-1511, Judgment (1st Cir. Dec. 21, 2018) (judgment entered by First Circuit remanding case for further proceedings). However, since that time, the circumstances in this case have altered significantly. Thus, following remand, the Court appointed a successor class representative and successor class counsel, who are representing the certified class and its class members (including Mr. Callahan) pursuant to Fed. R. Civ. P. 23(c)(1)(B). Paiva v. Rhode Island Dep't. of Corr., 17-mc-14JJM, Text Order of Dec. 18, 2019. The Court has also appointed an expert with correctional expertise and an expert with mental health expertise, both pursuant to Fed. R. Evid. 706 and paid for by RIDOC. See ECF Nos. 19, 24. Further, the Court first ordered reinstatement but then immediately issued a stay of the Morris Rules pending an active and ongoing court-annexed mediation that has (so far) resulted in the adoption of certain new policies and procedures, which *inter alia* impose a thirty-day limit on punitive segregation and address the manner for conducting disciplinary hearings. See ECF Nos. 27, 28. Most recently, as the mediation has proceeded, the Court issued the Interim Order (ECF No. 28). This Order issued to facilitate judicial efficiency and the ongoing and active mediation of remaining issues until a consent decree covering all issues could be developed and a fairness hearing (with notice and the right of opt-out or

---

[1] All filings in 17-mc-14JJM are deemed to be filed in 69-cv-4192JJM. See Docket Note of Dec. 31, 2019.

objection) could be conducted. See ECF No. 27 at 3. The Interim Order is expressly limited in scope to enjoining RIDOC from amending, modifying or altering the new polies and procedures (including the thirty-day limit on punitive segregation) without leave of Court. ECF No. 28. Based on my recommendation to avoid injury to the class by prolonged delay or distraction due to collateral proceedings to address deviations from the policies as they are implemented in the context of the ongoing mediation, the Interim Order specifically provides that it "is not intended to provide for contempt proceedings based on deviations from the standards established in the new policies and procedures resulting from good faith challenges that RIDOC may face in implementing the new policies and procedures." Id. at 2. Since the Interim Order entered, the mediation has continued to be extremely active with good faith participation by all parties, including RIDOC.

Mindful of this background, I recommend that Mr. Callahan's motion be denied forthwith for the following reasons.

First, to the extent that Mr. Callahan's *pro se* motion purports to be filed on behalf of not only himself but other inmates, it must be denied in reliance on the Local Rule prohibiting litigants from appearing *pro se* in class action cases to represent the rights of other class members. See DRI LR Gen 205(a)(2). Further, the Court does not find that this is a circumstance where counsel should be appointed for Mr. Callahan. The Court has already appointed qualified class counsel and a qualified class representative; Mr. Callahan does not suggest that either the court-appointed class representative or the court-appointed class counsel are not adequately representing his interests; nor does Mr. Callahan advise that he has brought his concerns to the attention of class counsel so that they can address them (as many other class members have done). Thus, I find that Mr. Callahan has failed to present anything to suggest

that his interests are not already more than adequately represented.  See Chavez v. Cnty. of Santa Clara, No. 15-cv-05277-RMI, 2021 WL 3913527, at *2-3 (N.D. Cal. Sept. 1, 2021) (denying motion of *pro se* class member for contempt and to intervene because his "interests are adequately represented by other parties, that his inclusion in the action has the potential to prolong or unduly delay this litigation, and that [he] has not shown that his experience and knowledge exceeds that of the existing parties, potential experts, and other witnesses such that his intervention would 'significantly contribute to full development of the underlying factual issues in the suit'").  Based on my participation in the ongoing mediation, I further find that Mr. Callahan's inclusion in this Fed. R. Civ. P. 23 action at this time would prolong or unduly delay the litigation with the potential for adverse impact on the interests of the class.  See id. at *3.

      Second, the premise of Mr. Callahan's motion is fatally flawed.  As of this writing, the Morris Rules remain stayed.  See Paiva, 2021 WL 6427674, at *1 ("stay of the Morris Rules remains in full force and effect").  Therefore, they do not constitute an Order permitting contempt for noncompliance.  And the Interim Order simply bars RIDOC from amending, modifying or altering the new policies.  ECF No. 28.  Mr. Callahan's motion does not allege that RIDOC has violated this Order.  Rather, he alleges only a deviation in a specific instance based on his interpretation of a particular aspect of one provision of the new policies, while conceding that the core principle embodied in the Interim Order (a thirty-day limit on punitive segregation) has not been breached.  Thus, his motion falls precisely into the category – "deviations from the standards established in the new policies and procedures" – that the Interim Order specifies "is not intended to provide for contempt proceedings." Id. at 2.  Relatedly, Mr. Callahan's motion stumbles on the redressability element of constitutional standing in light of the limited scope of the obligations imposed by the Interim Order (not to amend, modify or alter the new policies);

4

that is, an order to enforce the Interim Order would not redress Mr. Callahan's claim of a deviation from a particular aspect of the policies in a specific instance. Coal. of Black Leadership v. Smiley, No. 23-1711, Judgment (1st Cir. Jan. 24, 2025) (affirming dismissal of motion to intervene and adjudge in contempt for lack of standing based on redressability principles); see In re Fin. Oversight & Mgmt. Bd. for P.R., 995 F.3d 18, 21-22 (1st Cir. 2021); Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1305 (11th Cir. 2011). Thus, Mr. Callahan's motion for contempt arising from the Interim Order should be denied for lack of standing.

Based on the foregoing, I recommend that the Court deny Mr. Callahan's motion forthwith without prejudice to his right to pursue a claim based on 42 U.S.C. § 1983. Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
February 3, 2025