UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD PAIVA, as successor to : 
JOSEPH MORRIS, individually and on behalf : 
of all others similarly situated, : 
    Plaintiff, : 
 : 
v. :   C.A. No. 69-04192JJM-PAS
 : 
WAYNE SALISBURY, in his capacity as the : 
Director of the State of Rhode Island : 
Department of Corrections, as successor : 
to ANTHONY TRAVISONO, : 
    Defendant. : 
 : 
**In re *Pro se* Motion of Class Member to Hold** : 
**Defendant in Contempt and for Sanctions** : 

## REPORT AND RECOMMENDATION

PATRICIA A. SULLIVAN, United States Magistrate Judge.

    Now pending before the Court is the motion filed *pro se* by Class Member Rudy Sepulveda seeking to hold Defendant Wayne T. Salisbury in his capacity as director of the Rhode Island Department of Corrections ("RIDOC") in contempt for violating an Interim Order by Agreement (ECF No. 28), which issued on May 22, 2024, as well as to obtain injunctive relief and an award of punitive damages. ECF No. 32. A prisoner in RIDOC's custody, Mr. Sepulveda alleges that RIDOC has failed to abide by "the interim order that the Court imposed in limiting Punitive Segregation to no more than 30 days." Id. ¶ 1. Specifically, Mr. Sepulveda claims that "step 1 status" of RIDOC's step/level process policy ("Restorative Housing Program"/"RHP") is so similar[1] to punitive segregation (disciplinary confinement) that it

---

[1] According to the motion, step 1 of RHP differs from disciplinary confinement in that it has additional privileges such as "TV, 1 visit a week, 1 Phone call a week" and "3 hours of [r]ec," the latter in contrast to only two hours of "[r]ec" permitted during first portion of disciplinary confinement. ECF No. 32 ¶¶ 13-14.

effectively extended the punitive segregation imposed on him, resulting in disciplinary confinement for well more than thirty days, allegedly "from January until June 2025." Id. at ¶¶ 3-19.  Mr. Sepulveda also alleges that other inmates "have been [in punitive segregation] for 6, 8, 10 months." Id. ¶ 19.  Mr. Sepulveda's motion for contempt has been referred to me for report and recommendation.

I.      BACKGROUND

In December 2019, the Court appointed a successor class representative and successor class counsel in this long-pending class action; since, these attorneys have been representing the certified class and its class members (including Mr. Sepulveda) pursuant to Fed. R. Civ. P. 23(c)(1)(B).  Paiva v. Rhode Island Dep't. of Corr., 17-mc-14JJM, Text Order of Dec. 18, 2019.  Subsequently, the Court appointed an expert with correctional expertise and an expert with mental health expertise, both pursuant to Fed. R. Evid. 706 and paid for by RIDOC.  See ECF Nos. 19, 24.  The parties are involved in active and ongoing court-annexed mediation that has (so far) resulted in the adoption of certain new policies and procedures, which, *inter alia*, impose a thirty-day limit on punitive segregation.  See ECF Nos. 27, 28.  As the mediation proceeded, the Court issued the Interim Order by Agreement, ECF No. 28, to facilitate judicial efficiency and the ongoing and active mediation of remaining issues until a consent decree covering all issues could be developed and a fairness hearing (with notice and the right of opt-out or objection) could be conducted.  See ECF No. 27 at 3.  The Interim Order is expressly limited in scope to enjoining RIDOC from amending, modifying or altering specific policies and procedures, which include the thirty-day limit on punitive segregation and were adopted on July 30, 2023, without leave of Court.  ECF No. 28.  To avoid injury to the class by prolonged delay or distraction due to collateral proceedings to address deviations from the policies as they are implemented in the

context of the ongoing mediation, the Interim Order specifically provides that it "is not intended to provide for contempt proceedings based on deviations from the standards established in the new policies and procedures resulting from good faith challenges that RIDOC may face in implementing the new policies and procedures." Id. at 2. Since the interim order entered, the mediation has continued, with good faith participation by all parties, including RIDOC.

## II. ANALYSIS

Mr. Sepulveda's motion is not the first time that a class member in this case has asked the Court to find RIDOC in contempt of the Interim Order. See Paiva v. Salisbury, C.A. No. 69-04192JJM-PAS, 2025 WL 369274 (D.R.I. Feb. 3, 2025). As in that instance, Mr. Sepulveda's motion should be denied for the following reasons.

First, the Court does not find that this is a circumstance where counsel should be appointed for Mr. Sepulveda or where intervention is appropriate to Fed. R. Civ. P. 23(d)(1), particularly where (as I find) a collateral contempt proceeding would cause the precise delay and distraction that the Interim Order contemplated in specifically limiting contempt to enforce it. The Court has already appointed qualified class counsel and a qualified class representative. Mr. Sepulveda does not persuasively suggest that either the court-appointed class representative or the court-appointed class counsel are not adequately representing his interests.[2] Thus, I find that Mr. Sepulveda has failed to present anything to suggest that his interests are not already more than adequately represented. See Coal. of Black Leadership v. Doorley, C.A. No. 71-4523JJM,

---

[2] Mr. Sepulveda does allege that, unlike many inmates (including many in High Security like Mr. Sepulveda) who have communicated with class counsel about concerns regarding the implementation of the new policies, which concerns have been transmitted to the Rule 706 court-appointed correctional expert, he does not know how to contact class counsel. ECF No. 32-1 ¶ 3. To address this aspect of Mr. Sepulveda's concern as reflected in the motion, the Court will transmit a copy of the motion for contempt to the court-appointed correctional expert for his review and consideration.

2023 WL 3844618, at *8 (D.R.I. June 6, 2023) (class member motion to intervene as of right to prosecute contempt proceeding must include "satisfactory showing that existing parties inadequately represent [his] interest") adopted, 2023 WL 4174463 (D.R.I. June 26, 2023), aff'd on other grounds, No. 23-1711 (1st Cir. Jan. 24, 2025); Chavez v. Cnty. of Santa Clara, No. 15-cv-05277-RMI, 2021 WL 3913527, at *2-3 (N.D. Cal. Sept. 1, 2021) (denying motion of *pro se* class member for contempt and to intervene because his "interests are adequately represented by other parties, that his inclusion in the action has the potential to prolong or unduly delay this litigation, and that [he] has not shown that his experience and knowledge exceeds that of the existing parties, potential experts, and other witnesses such that his intervention would 'significantly contribute to full development of the underlying factual issues in the suit'"), appeal dismissed, No. 21-16491, 2022 WL 4119660 (9th Cir. Apr. 19, 2022).

      Second, the premise of Mr. Sepulveda's motion is fatally flawed. The Interim Order simply bars RIDOC from amending, modifying or altering the policies issued on July 30, 2023, without leave of Court. ECF No. 28. Mr. Sepulveda's motion does not allege that RIDOC has violated this order. Rather, he alleges only a deviation in specific instances (particularly as applied to himself) in implementation based on his interpretation of a particular aspect of one provision of the new policies. Thus, his motion falls precisely into the category – "deviations from the standards established in the new policies and procedures" – that the Interim Order specifies "is not intended to provide for contempt proceedings." Id. at 2. Relatedly, Mr. Sepulveda's motion stumbles on the redressability element of constitutional standing in light of the limited scope of the obligations imposed by the Interim Order (not to amend, modify or alter the new policies); that is, an order to enforce the Interim Order would not redress Mr. Sepulveda's claim of a deviation from a particular aspect of the policies in a specific instance.

4

Coal. of Black Leadership v. Smiley, No. 23-1711, Judgment (1st Cir. Jan. 24, 2025) (affirming dismissal of motion to intervene and adjudge in contempt for lack of standing based on redressability principles); see In re Fin. Oversight & Mgmt. Bd. for P.R., 995 F.3d 18, 21-22 (1st Cir. 2021); Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1305 (11th Cir. 2011). Thus, Mr. Sepulveda's motion for contempt arising from the Interim Order should be denied.

### III.    CONCLUSION

Based on the foregoing, I recommend that the Court DENY Mr. Sepulveda's motion to hold RIDOC in contempt, without prejudice to his right to pursue a claim based on 42 U.S.C. § 1983.[3] Any objections to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this report and recommendation. See Fed. R. Civ. P. 72(b); DRI LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
October 10, 2025

---

[3] The Court does not address – one way or the other – whether that Mr. Sepulveda's right to bring a private action may be impacted by the fact that he has already filed a § 1983 civil action, but that (less than a week before he signed the contempt motion), the Court dismissed all of his claims at screening for failure to state a claim. See Sepulveda v. Bray, 25-cv-276-MSM, ECF No. 6 (finding at screening that complaint fails to state a claim, with leave to amend); Text Order of Sept. 17, 2025 (finding that amended complaint still fails to state plausible claim for relief and noting that decision about "housing an inmate is not subject to judicial review, Meachum v. Fano, 427 U.S. 215, 225 (1976), and disciplinary actions rarely implicate due process rights[,] Sandin v. Connor, 515 U.S. 472, 484 (1995)"; case dismissed).