UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICHARD PAIVA, as successor to JOSEPH MORRIS, individually and on behalf of all others similarly situated, <br> Plaintiff, | : <br> : <br> : <br> : <br> : | |
| v. | : <br> : | C.A. No. 69-04192JJM-PAS |
| WAYNE SALISBURY, in his capacity as the Director of the State of Rhode Island Department of Corrections, as successor to ANTHONY TRAVISONO, <br> Defendant. | : <br> : <br> : <br> : <br> : <br> : | |
| **In re Motion of Class Member Joseph W. Shepard To Enforce Fed. R. Civ. P. 23(g) Duties of Class Counsel** | : <br> : <br> : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion to enforce the Fed. R. Civ. P. 23(g) duties of class counsel and for ancillary relief filed *pro se* by inmate Class Member Joseph W. Shepard. ECF No. 36. At the same time that he filed this motion to enforce Rule 23(g) duties, Mr. Shepard also filed a motion seeking an emergency injunction to enforce an Interim Order previously issued by the Court in this case pertaining to inmate discipline and the length of punitive segregation. ECF No. 35. My report recommending that Mr. Shepard's motion for emergency injunctive relief be summarily denied has been adopted by the Court. Paiva v. Salisbury, C.A. No. 69-04192JJM-PAS, 2026 WL 523781 (D.R.I. Feb. 25, 2026), adopted by text order (D.R.I. Mar. 26, 2026). Mr. Shepard's motion for appointment of his own counsel in this case (ECF No. 42) was denied by text order on March 10, 2026.

In connection with the instant motion, the Court has considered the response filed by court-appointed class counsel.  ECF No. 38.  In light of his *pro se* status and the leniency his filings must be afforded, the Court has also considered Mr. Shepard's arguments stated in his motion to extend time to object to the report and recommendation issued in connection with his motion to enforce the Interim Order (ECF No. 40), his response to the report and recommendation (ECF No. 46) and his supplemental filing (ECF No. 48) (collectively referred to as Mr. Shepard's "reply").  The motion to enforce Fed. R. Civ. P. 23(g) duties has been referred to me and is now ripe for determination.

## I.      Background

Originally filed in October 1969, ECF No. 1, this case is a "class action on behalf of all the prisoners at the Adult Correctional Institution [("ACI")] and a separate sub-class action on behalf of those prisoners in the [behavioral control unit]."  Morris v. Travisono, 310 F. Supp. 857, 859 (D.R.I. 1970).  During the 1970s, the case ended in settlement resulting in the issuance of a permanent injunction impacting inmate discipline and related conditions of confinement that has come to be known as the Morris Rules.  See Paiva v. Rhode Island Dep't of Corr., 498 F. Supp. 3d 277, 278 (D.R.I. 2020), enforcement denied, No. 17-mc-00014-JJM-PAS, 2021 WL 6427674 (D.R.I. Dec. 21, 2021).  After a protracted period during which the case was inactive and the Morris Rules injunction was not enforced, the First Circuit reactivated the case in December 2018, although it made no finding either of contempt or that the Morris Rules should be enforced.  In re: Richard Lee Paiva, No. 17-1511 (1st Cir. Dec. 21, 2018) (judgment vacating dismissal "[g]iven the absence of any indication in the present record that the injunction is no longer in effect" and remanding for further proceedings).  On December 18, 2019, the successor Plaintiff, Richard Paiva, was allowed to intervene and designated as the class representative and

successor class counsel Lynette Labinger and Sonja Deyoe ("Class Counsel") were appointed by the Court to represent the class.  Paiva, 17-mc-00014-JJM-PAS, Text Order of Dec. 18, 2019; see also Paiva, 69-cv-04192-JJM-PAS, Docket Note of Dec. 31, 2019.  The Court made the appointment of Class Counsel in reliance on an unopposed motion that complied with Fed. R. Civ. P. 23(g) in that it described why the proposed Class Counsel, both well-known to the Court, are well qualified to serve.  Paiva, 17-mc-00014-JJM-PAS, ECF No. 60; see also id. ¶ 12.

Since the case was revived, the Morris Rules injunction has been stayed and the current proceedings have been focused on inmate discipline and conditions of confinement, including the use of punitive segregation, as impacting the class as a whole.  See Paiva, 498 F. Supp. 3d at 279; Paiva, 2021 WL 6427674, at *1.  Consistent with that focus, in September 2020, the Court referred the case for court-annexed mediation[1] designating me as the judicial officer to serve as mediator.  Over the years since 2020, the mediation has consumed substantial judicial resources in that it has been actively conducted by the Court and by the parties – Class Counsel and Defendant Rhode Island Department of Corrections ("RIDOC") – acting in good faith with extraordinary diligence, assisted by two court-appointed experts.  See Paiva, 2026 WL 523781, at *2.  This mediation proceeding is subject to the Court's standing court order mandating

---

[1] Mr. Shepard points out that the Court's 2006 Alternative Dispute Resolution ("ADR") Plan provides that "prison matters" are not automatically "eligible for referral to ADR" pursuant to the program managed by the Court's "ADR Administrator."  ECF No. 46 at 22.  Based on this provision, Mr. Shepard contends that the "courts usage of any ADR is illegal."  Id. at 25.  However, as the Court's ADR Plan summary makes clear, "[i]n the sole discretion of the Court, Prisoner Civil Rights cases may be referred to a settlement conference before a judicial officer."  ECF No. 48-3 at 2 n.3.  Nor does that provision of the Plan impact the inherent power of the Court to refer any case for confidential court-annexed mediation, including cases pertaining to "prison matters."  See In re Atl. Pipe Corp., 304 F.3d 135, 145 (1st Cir. 2002) (district court has inherent power to order non-consensual mediation); Tuli v. Brigham & Women's Hosp., Inc., Civil Action No. 07cv12338-NG, 2009 WL 10693567, at *1 n.2 (D. Mass. June 8, 2009) ("[M]ediation is confidential."), aff'd sub nom. Tuli v. Brigham & Women's Hosp., 656 F.3d 33 (1st Cir. 2011). Indeed, "prison matters" are frequently referred for confidential court-annexed mediation by presiding judicial officers, as Mr. Shepard is well aware as he has benefited from confidential court-annexed mediation in at least one of his § 1983 cases.  See Shepard v. Diniz, 21-cv-453-JJM (after Mr. Shepard's case referred by presiding judicial officer for court-annexed mediation, more than fourteen confidential mediation conferences held by Court).

mediation confidentiality and barring disclosure of information regarding the mediation process to "encourage[] an informal and confidential exchange among counsel, the parties and the ADR provider[]."  Paiva, 2026 WL 523781, at *2 n.3; see also Paiva, 69-cv-04192-JJM-PAS, ECF No. 46-7 at 7 & Text Orders of July 19, 2021, and Dec. 8, 2022 (expert appointments in mediation to be "maintained as strictly confidential in compliance with the Court['s] standing order on confidentiality of ADR proceedings").  So far, this confidential mediation has resulted in the voluntary adoption by RIDOC of policies conferring significant benefits on the class, including a thirty-day limit on punitive segregation and an alteration in the manner for conducting disciplinary hearings.  See Paiva, 2026 WL 523781, at *1-2.

Throughout the proceedings since the case was revived in 2018, the Court has consistently held that this case is not a vehicle for and does not implicate or impair individualized claims brought by absent class members like Mr. Shepard regarding conditions of confinement, including claims brought pursuant to 42 U.S.C. § 1983.  See Paiva, 2026 WL 523781, at *5 (Mr. Shepard's motion to enforce Interim Order summarily denied without prejudice to his right to assert his individualized concerns in claim brought pursuant to § 1983); Paiva v. Salisbury, C.A. No. 69-04192JJM-PAS, 2025 WL 2886992, at *1-3 (D.R.I. Oct. 10, 2025) (inmate's motion for contempt and punitive damages denied without prejudice to his right to assert his individualized concerns in claim brought pursuant to § 1983), adopted, 2025 WL 3025585 (D.R.I. Oct. 29, 2025); Paiva v. Salisbury, C.A. No. 69-04192JJM-PAS, 2025 WL 369274, at *1-3 (D.R.I. Feb. 3, 2025) (inmate's motion for contempt and punitive sanctions denied without prejudice to his right to assert his individualized concerns in a claim brought pursuant to § 1983), adopted by text order (D.R.I. Feb. 24, 2025).  The Court has also consistently held that class membership in the Paiva certified class is not enough to confer

named party and/or plaintiff status.  See Liberty v. Rhode Island Dep't of Corr., C.A. No. 19-573JJM, 2023 WL 6172253, at *1 (D.R.I. Sept. 22, 2023), adopted by text order (D.R.I. Oct. 10, 2023).  And the Court has consistently held that, while the pursuit of individual inmate claims in this case would be detrimental to the interest of the class, individual inmate complaints may be appropriate for the court-appointed experts to consider as Class Counsel continue diligently to advocate for the class.  E.g., Paiva, 2026 WL 523781, at *5 (noting serious adverse impact on class if focus of case shifted to individualized claims but also that court-appointed expert had been asked to consider individualized complaint to extent pertinent to this case and interests of class).

In his motion to enforce Fed. R. Civ. P. 23(g) Class Counsel duties, Mr. Shepard alleges that Class Counsel have refused to communicate with him for more than a year.  ECF No. 37 at 1.  In his supporting Declaration, he avers that he has "written letters, attempted phone contact, and asked other inmates to contact" Class Counsel but that Class Counsel have "refused to provide information" particularly regarding confidential mediation proceedings, stating that he is "'not a plaintiff.'"[2] in Morris/Paiva.  ECF No. 35-2 at 3; ECF No. 46 at 2-3.  Mr. Shepard alleges that Class Counsel's "refusal to communicate" has left him "without representation or guidance."[3]  ECF No. 35-2 at 3.  Mr. Shepard claims that Class Counsel have violated Fed. R. Civ. P. 23(g) by failing to clarify his class membership status,[4] failing to provide "updates,"[5]

---

[2] This advisory is accurate: Mr. Shepard is not a named party and not a plaintiff; rather, he is an absent class member.

[3] In considering this allegation, the Court notes that Mr. Shepard is an experienced and capable litigant, with four cases currently pending in two of which he is represented by legal counsel.  Paiva, 2026 WL 523781, at *4 n.4.

[4] Decisions in this matter have consistently noted that all ACI inmates are class members.  E.g., Morris, 310 F. Supp. at 859.  In decisions in this case dealing with Mr. Shepard, the Court has noted that he is a class member.  Paiva, 2026 WL 523781, at *1; Text Order of Mar. 10, 2026.

[5] This allegation appears to be based not only on Mr. Shepard's status as a class member and not a named party or plaintiff, but also on the confidentiality of the ongoing mediation proceeding.

failing to address what he contends are violations of the Court's Interim Order,[6] and by failing to assist him "regarding retaliation and constitutional violations."[7]  ECF No. 36-1 at 1-3; see also ECF No. 36.  Mr. Shepard demands "that class counsel fulfill their duties."  ECF No. 36-1 at 3.  As remedies, Mr. Shepard requests that the Court: order Class Counsel to confirm (in writing) that Plaintiff is a class member[8]; direct Class Counsel to respond to Mr. Shepard's communications within a reasonable time; require Class Counsel to investigate and report on RIDOC's compliance with the Court's Interim Order[9]; clarify that all class members are entitled to communication and assistance from Class Counsel; and grant additional relief necessary to ensure Class Counsel's compliance with Fed. R. Civ. P. 23(g).  Id. at 3-4.  In his reply, Mr. Shepard expands on his request for remedies, asking that Class Counsel be required to recuse themselves (although Mr. Paiva may remain as plaintiff/class representative), that the mediation referral be rescinded and the case be put on for trial.  ECF No. 46.  And based on her name appearing on the list of persons on the Court's "ADR Panel" available for appointment as arbitrators, Mr. Shepard relies on his mistaken[10] belief that Attorney Labinger is acting as a

---

[6] My analysis, which has been adopted by the Court, explaining why Mr. Shepard's assertion that the Interim Order has been violated is unfounded may be found at Paiva, 2026 WL 523781, at *4-5.

[7] Mr. Shepard alleges that RIDOC issued a "[r]etaliatory . . . false disciplinary booking" against him in January of 2026 which resulted in a violation of his "constitutional rights."  ECF No. 35-2 at 1-2.  Much of Mr. Shepard's reply is devoted to amplifying his individualized complaints ranging from denial of library access to denial of toenail clippers.  ECF No. 46.  As noted supra, his right to bring a 1983 action based on any or all of these allegations is not impaired by the proceedings in this case.

[8] This request is mooted by Paiva, 2026 WL 523781, at *1, which confirms that, as an ACI inmate, Mr. Shepard is a member of the class.

[9] This request is mooted by the Court's holding that the Interim Order has not been violated.  Paiva, 2026 WL 523781, at *4-5.

[10] This is incorrect – Attorney Labinger is not acting as a member of an arbitration panel for this case, nor has any arbitrator been appointed for this case, nor is this case being arbitrated.  Therefore, there is no conflict of interest.

court-appointed arbitrator for this case to argue that this conflict of interest bars her from acting as Class Counsel.  ECF No. 48-1 at 2-3.

In response to Mr. Shepard's arguments, Class Counsel represent that they <u>have communicated</u> with Mr. Shepard about class-related matters many times[11] (some in-person, some by telephone or letter); they have invited him to provide information concerning his experiences with the RIDOC policies in issue and have specifically referenced Mr. Shepard's experiences (with his prior authorization) in advocacy during the ongoing court-annexed confidential mediation; and they have advised class members that they are limited in their ability to report on an ongoing basis because the ongoing court-annexed mediation is confidential.  ECF No. 38. Class counsel further represent they have been and are continuing to advocate on behalf of the class regarding RIDOC policies concerning conditions of confinement and discipline but that, as they have specifically advised class members, as Class Counsel, they will not provide individualized representation to class members in the context of this case[12] to challenge their individual disciplinary issues or the propriety of individual sanctions, as well as that Mr. Shepard's individualized concern about discipline imposed in January 2026 has never been presented to them.  Id.  Finally, Class Counsel have advised the Court that they receive numerous telephone calls and correspondence from class members regarding an array of issues (many unrelated to this case) so that a Court order requiring them to investigate and respond to each one would be unreasonable, burdensome and inconsistent with the interests of this proceeding.  Id.

---

[11] Class Counsel represent that Attorneys Labinger or Deyoe spoke and/or met with Mr. Shepard at least eight times between March 2024 and May 2025 regarding matters pertaining to this case.  ECF No. 38 at 1.

[12] Mr. Shepard's reply observes that one of the Class Counsel has represented him in one or more of his individual cases.  ECF No. 48-1 at 2-3.  The Court notes that such an engagement poses no *per se* impropriety.

On reply, Mr. Shepard does not dispute the accuracy of these representations; nevertheless, he alleges that he is dissatisfied because he is the victim of individualized obstructed access to courts and retaliation for legal communications and that Class Counsel "has told me to my face and over the phone, multiple times that I'm NOT a plaintiff, therefore I, standing has 'Pro se' have hardships regarding my access to Law Library." ECF Nos. 40 at 1, 46.

## II.   Standard of Review and Applicable Law

Federal Rule of Civil Procedure 23(g) "requires district courts to appoint class counsel and governs how courts should choose counsel." In re Pharmaceutical Industry Average Wholesale Price Litigation, 588 F.3d 24, 41 (1st Cir. 2009). Pursuant to the Rule, courts must consider the qualifications of proposed class counsel and, once appointed, monitor class counsel's performance mindful that "class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A) & (g)(4); Mongue v. Wheatleigh Corp., 165 F.4th 49, 58 (1st Cir. 2026) (district court has responsibility to monitor class counsel's performance). Rule 23(d)(1)(B) expressly permits the court to issue orders to protect class members consistent with the discharge of this ongoing responsibility to monitor the adequacy of representation of the class. See C.P. v. New Jersey Dep't of Educ., 1:19-cv-12807-NLH-MJS, 2023 WL 7103381, at *1 (D.N.J. Oct. 27, 2023). This responsibility has been described as including a fiduciary duty owed to absent (that is, not the named plaintiff or a named party)[13] class members in light of the potential for conflicts of interest among class representatives and class counsel and the absent members. Mongue, 165 F.4th at 58; see LaCross v. Knight

---

[13] "[A]bsent" class members are the people defined as encompassed within a certified or purported class who are not named as plaintiffs, are not otherwise named as parties and do not actively participate in the suit. Abby Porter, Parties or Not?: The Status of Absent Class Members in Rule 23 Class Actions, 109 Va. L. Rev. 711, 712 (2023).

Transportation Inc., No. CV-15-00990-PHX-JJT, 2024 WL 250367, at *2 (D. Ariz. Jan. 23, 2024) ("class counsel must not have conflicts with other class members and must prosecute the action vigorously on behalf of the class").

The court's responsibility to monitor the adequacy of class counsel must be discharged mindful that the duty owed by class counsel is to the class. See Walsh v. Great Atl. & Pac. Tea Co., 726 F.2d 956, 964 (3d Cir. 1983) ("Class counsel's duty to the class as a whole frequently diverges from the opinion of either the named plaintiff or other objectors."); see also McNeil v. Guthrie, 945 F.2d 1163, 1165-66 (10th Cir. 1991) (in monitoring adequacy of class counsel's representation in prison class actions, courts must be alert to "potentially recurring problem of individual members of the class seeking to litigate issues within the class action"). Thus, the duty of class counsel to communicate with absent class members is different from the duty of an attorney engaged individually, with the practical result that class members frequently have virtually no communication with class counsel and no control over the litigation.[14] Alissa del Riego & Joseph Avery, Inadequate Adequacy?: Empirical Studies on Class Member Preferences of Class Counsel, 2024 Utah L. Rev. 499, 500 (2024) (noting Fed. R. Civ. P. 23 does not impose duty to communicate with absent class members); see In re Community Bank of N. Virginia, 418 F.3d 277, 313 (3d Cir. 2005) ("courts have recognized that class counsel do not possess a traditional attorney-client relationship with absent class members"); Victorino v. FCA US LLC, 322 F.R.D. 403, 409 (S.D. Cal. 2017) (failure of class counsel to communicate settlement offer does not demonstrate inadequacy of counsel under Rule 23); Fulco v. Cont'l Cablevision, Inc.,

---

[14] See also Alissa del Riego & Joseph Avery, The Class Action Megaphone: Empowering Class Members with an Empirical Voice, 76 Stan. L. Rev. Online 1, 2 n.6 (2023) (citing 3 Newberg and Rubenstein on Class Actions § 9:2 (6th ed. 2022) ("Rule 23 makes no explicit mention of communications with absent class members other than formal notice requirements") and observing that the Supreme Court's single decision on communication with absent class members (Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981)) did not create a "firm directive" for evaluating such communications, or lack thereof).

789 F. Supp. 45, 47 (D. Mass. 1992) (limited attorney-client relationship with class members applies to such matters as limiting ability of <u>defense</u> counsel to communicate with them after class is certified).  Absent class members cannot instruct the class representative or class counsel as to how to prosecute the action; nor do they have a right to "fire" class counsel.  2 <u>McLaughlin on Class Actions</u> § 11:1 (22nd ed. 2025) (internal quotation marks omitted).  As a leading treatise has noted, the "law knows few odder parties than the absent class member in a class action lawsuit."  6 <u>Newberg and Rubenstein on Class Actions</u> § 19:2 (6th ed. 2022) (internal quotation marks omitted).

### III.    Findings

In this case, since at least 2020, when the Court appointed me as the court-annexed mediator, as reflected in the innumerable mediation proceedings on the docket, I have worked closely with all counsel, including Class Counsel.  Therefore, I am well able to discharge, and consistently have discharged, the responsibility of the Court to monitor the adequacy and fairness of Class Counsel's work for the interests of the class as a whole.  Based on this vantage, I find that Class Counsel's representation of the interests of the class has been extremely diligent and fair, as well as appropriately balanced in their attention to the interests of absent class members while sustaining focus on the interests of the class, far better than merely adequate.  I further find that Class Counsel have consistently been appropriately attentive to communicating with class members including regarding individualized inmate complaints, balanced by their duty to be diligently focused on the interest of the class as a whole and not to be bogged down to the detriment of the class as a whole by shifting the focus of the case to the individualized complaints of a particular class member like Mr. Shepard.  I further find that Class Counsel have been consistently and appropriately focused on tailoring their communications with class

members to comply with the Court's requirement that the ongoing mediation proceeding is and must remain strictly confidential.  I therefore find that there is no need for the Court to issue further orders to protect class members pursuant to Fed. R. Civ. P. 23(d) or (g).

Specific to Mr. Shepard, as set forth *supra*, I find that his motion to enforce the Fed. R. Civ. P. 23(g) duties of class counsel does not present the Court with any issues or concerns in fact or in law regarding the adequacy of Class Counsel or the fairness or adequacy of their representation of the interests of the class or their conduct of this action.  I further find that the relief Mr. Shepard seeks in the motion would impose duties on Class Counsel that would interfere with their appropriate discharge of their duties to the class and to the Court and would otherwise be contrary to the interests of the class (particularly to the extent that their recusal would deny the class ongoing representation by the well-qualified attorneys appointed by the Court).  Accordingly, Mr. Shepard's Fed. R. Civ. P. 23(g) motion must be and hereby is denied.

## IV.   Conclusion

Based on the foregoing, the Court DENIES Mr. Shepard's motion to enforce duties of Fed. R. Civ. P. 23(g) Class Counsel.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 1, 2026

11