UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD PAIVA, as successor to　　　　　:
JOSEPH MORRIS, individually and on behalf　:
of all others similarly situated,　　　　　:
　　　　　Plaintiff,　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　:　　C.A. No. 69-04192JJM-PAS
　　　　　　　　　　　　　　　　　　:
WAYNE SALISBURY, in his capacity as the　:
Director of the State of Rhode Island　　　:
Department of Corrections, as successor　　:
to ANTHONY TRAVISONO,　　　　　　:
　　　　　Defendant.　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
**In re Second Motion of Class Member**　　:
**Joseph W. Shepard for Trial De Novo and**　:
**Motion for Rule 60(b) Relief**　　　　　:

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Although he is not a named party in this case, *pro se* Class Member Joseph W. Shepard

has filed a second motion for "trial de novo" and refiled attachments that he previously filed and

that were considered by the Court.  ECF No. 50 (capitals omitted); see also ECF No. 48

(duplicate filings).  Mr. Shepard's first motion for "trial de novo" was denied by Text Order on

April 1, 2026.  For the same reasons, the second motion is also denied.  Specifically, the

potential right to "trial de novo" on which Mr. Shepard has focused is a proceeding referenced in

the Court's 2006 Alternative Dispute Resolution ("ADR") Plan.  ECF No. 46-7 at 13; see also 28

U.S.C. § 657(c).  This "trial de novo" relates to what may occur in a case that has been referred

for non-binding arbitration in which the arbitrator has made an arbitration award.  This case has

never been referred for any form of arbitration nor has there ever been an arbitration award.

Therefore, the reference to "trial de novo" in the ADR Plan is not applicable to this case.  In any

event, trial de novo is not procedurally appropriate in that this case was terminated by settlement in the 1970s and is currently before the Court on post-judgment proceedings.

In addition to his motion for trial de novo, Mr. Shepard has also included a motion for relief from a final judgment, order or proceeding[1] pursuant to Fed. R. Civ. P. 60(b).  ECF No. 50. This aspect of the motion is also denied.  Rule 60(b) relief is available to "a party or its legal representative" and Mr. Shepard is neither.  Fed. R. Civ. P. 60(b).  Nor has Mr. Shepard presented any "reasons," id., for Rule 60(b) relief in that his arguments appear to result from his misunderstanding that this case has been referred by the Court for non-binding arbitration under the District's ADR Plan (it has not been) and his mistaken belief that Court-appointed Class Counsel has been appointed as an arbitrator in this case (she has not).  See Raduano v. Testa, No. 23-cv-101-JJM-PAS, 2026 WL 546403, at *5 (D.R.I. Feb. 27, 2026) ("[a party] must give the trial court reason to believe that vacating the judgment will not be an empty exercise") (internal quotation marks omitted) (alteration in original).

Based on the foregoing, the Court DENIES Mr. Shepard's new motion for trial de novo and for Fed. R. Civ. P. 60(b) relief.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 16, 2026

---

[1] Mr. Shepard does not specify what is the "final judgment, order, or proceeding," Fed. R. Civ. P. 60(b), from which he seeks relief.  The Court assumes it is the denial of his first motion for trial de novo.  To the extent that Mr. Shepard's Fed. R. Civ. P. 60(b) motion was actually intended to seek relief from the original judgment in this case, the motion is also denied as untimely pursuant to Fed. R. Civ. P. 60(c) in that the judgment entered over fifty years ago.