UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

RICHARD PAIVA, as successor to          :
JOSEPH MORRIS, individually and on behalf   :
of all others similarly situated,          :
          Plaintiff,          :
                    :
          v.          :          C.A. No. 69-04192JJM-PAS
                    :
WAYNE SALISBURY, in his capacity as the    :
Director of the State of Rhode Island      :
Department of Corrections, as successor    :
to ANTHONY TRAVISONO,          :
          Defendant.          :
                    :
**In re Second Motion of Class Member Joseph**   :
**W. Shepard for Certificate of Appealability**   :

## ORDER

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se* Class Member Joseph W. Shepard has filed a second motion requesting that the

Court issue a certificate of appealability.  ECF No. 54.  His first such motion was denied because

the applicable statute pertaining to certificates of appealability applies only in a habeas corpus

proceeding, which this case is not.  ECF No. 53.

It is conceivable that Mr. Shepard's motion was actually intended as an objection

addressed to the District Court to that determination or to other determinations/recommendations

(as he adverts to Fed. R. Civ. P. 72).[1]  Yet, the District Court did not treat it as an objection but

instead opted to refer the new motion to me for determination.  I note that, to the extent that Mr.

---

[1] In its first Order denying a certificate of appealability, the Court supplied Mr. Shepard with the text of the Local Rule (DRI LR Cv 72(c)) that governs the making of such objections.  ECF No. 53.  Therefore, to the extent that such an objection was Mr. Shepard's intent, it should have been clear in his filing as he had been made aware of the correct procedure.  Unfortunately, Mr. Shepard's second motion remains confusing as it is captioned as a "Request for Certificate of Appealability," not as an objection to any Order of a Magistrate Judge.  ECF No. 54 (capitals omitted).

Shepard's intent was to object to the report and recommendation of February 25, 2026 (ECF No. 39), he is out of time because the objection deadline has long since passed and the Court adopted those recommendations by Text Order on March 26, 2026.  I further note that, to the extent that Mr. Shepard's intent was to object to the memorandum and order of April 1, 2026 (ECF No. 49), he is also out of time because the 14-day objection period had already run by the time the instant motion was filed.  However, Mr. Shepard has acted timely to the extent that his intent was to direct an objection to the District Court to the Orders of April 16 and 17, 2026, (ECF Nos. 52 & 53), one of which addresses his first request for a certificate of appealability, the other of which is his second motion for trial de novo.[2]  Nevertheless, consistent with the Court's referral, this Order addresses the merits of Plaintiff's second request for a certificate of appealability as if it was a motion for reconsideration of the first Order denying such relief (ECF No. 53) and of the Order denying Mr. Shepard's motion for trial de novo and Rule 60(b) relief (ECF No. 52).[3]

A court's decision to grant a motion for reconsideration constitutes an extraordinary remedy.  Conservation L. Found., Inc. v. Shell Oil Prods. US, C.A. No. 17-396 JJM, 2026 WL 593927, at *1 (D.R.I. Mar. 3, 2026).  "Based on the nature of this relief, courts should grant litigants' requests for this relief in a sparing manner."  Id.  To succeed on a motion for reconsideration, the moving party must "establish that a manifest error of law has taken place," or "demonstrate the existence of newly discovered evidence."  Id.  Critically, a motion for reconsideration does not provide a vehicle to "allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the"

---

[2] Mr. Shepard's first motion for trial de novo was denied by Text Order on April 1, 2026.

[3] If Mr. Shepard now wishes to object to this Order, his filing must clearly reflect that intent.

decision. Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (internal quotation marks omitted).

Having reviewed Mr. Shepard's new motion carefully, with focus on his entitlement to leniency in light of his status as a *pro se* filer, I find that he has failed to demonstrate entitlement to reconsideration of either of the Court's Orders arguably in issue (ECF Nos. 52 & 53) because he has introduced no new facts or manifest error of law but rather has amplified by extensive quotation the existing law on which the Court's Orders rest. As a class member, Mr. Shepard alleges entitlement to participate personally in the Court's confidential mediation proceedings, including to air his personal grievances, and to be treated as a party Plaintiff (which he is not) by the Court's appointed Class Counsel. As previously held, he does not have such entitlement and, as previously found, his participation would adversely impact the interests of the Class. As always, to the extent that Mr. Shepard seeks redress for alleged constitutional deprivations, he may file an action at any time.

Alternatively, the Court speculates that Mr. Shepard conceivably is trying to ask the Court to issue an order pursuant to 28 U.S.C. § 1292(b) permitting an interlocutory appeal of the two specified Orders (or perhaps of something else). However, § 1292(b) permits the Court to issue such an order only if the Court forms the opinion that the specific Order to be appealed involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation. Id. I have formed no such opinion and, to the extent applicable, do not recommend that the Court form such an opinion. To the contrary, I find that the Court's two Orders do not involve any disputed question of law, as well as that Mr. Shepard's participation in

the confidential mediation would seriously interfere with this proceeding and deter, disrupt and undermine its ultimate termination.

Based on the foregoing, whether considered as a motion for reconsideration of the prior denial of a certificate of appealability or as a motion pursuant to § 1292(b), Mr. Shepard's second motion requesting a certificate of appealability (ECF No. 54) is denied.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
May 7, 2026